**Edward Arnold CHURCH, Appellant,**

v.

**William HAMILTON, a Detective of the Chester Police Department, in and for the City of Chester, Pa.**

**No. 19409.**

United States Court of Appeals, Third Circuit.

Submitted March 29, 1971.

Decided April 20, 1971.

Edward Arnold Church, pro se.

John Churchman Smith, Media, Pa., for appellee.

Before HASTIE, Chief Judge, and SEITZ and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from a dismissal by the district court on statute of limitations grounds of plaintiff's civil rights complaint for damages against a detective of the Chester, Pennsylvania Police Department alleging false arrest, malicious prosecution, false imprisonment and slander.

Plaintiff was arrested on December 22, 1967, prosecuted on September 25 and 26, 1968 and imprisoned on October 7, 1968. He tacitly concedes that the controlling one year statute ran on his claims before his complaint was filed on January 27, 1970. See Hileman v. Knable, 391 F.2d 596 (3d Cir. 1968); Henig v. Odorioso, 385 F.2d 491 (3d Cir. 1967). He contends in effect that the statute of limitations should be tolled because improper prison regulations and official inertia prevented him from filing his complaint on time. We find it unnecessary to resolve this contention.

Plaintiff's claims for false arrest and false imprisonment arise out of alleged acts of the defendant on December 22, 1967. If we assume that the statute was tolled for the period during which plaintiff claimed he was unable to file his complaint, the statute of limitations would nevertheless have run on such claims prior to the time when plaintiff filed his complaint. Nor can the imprisonment based on his conviction give rise to a claim for false imprisonment against the defendant.

We need not decide whether plaintiff's claim for malicious prosecution is barred by the statute of limitations because, in any event, plaintiff cannot assert a claim for malicious prosecution since he was convicted. See Gaito v. Strauss, D.C., 249 F.Supp. 923, aff'd., 368 F.2d 787 (3d Cir. 1966). Finally, it is clear that the slander claim is not cognizable under the Civil Rights Act.

The judgment of the district court will be affirmed.