Henry Wayne **FERRELL**

v.

**I. HUFFMAN et al.**

**Civ. A. No. 490–72–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 30, 1972.

Henry Wayne Ferrell, pro se.

Burnett Miller, III, Asst. Atty. Gen. of Va., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

This action presents to the Court the issue of what standards, in the wake of Landman v. Royster, 333 F.Supp. 621 (E.D.Va.1971), are to be employed in adjudging claims filed by Virginia prisoners to redress administrative decisions of Institutional Classification Committees (hereinafter, "ICC" 's). The plaintiff, a Virginia state prisoner at the State Farm, brings this action to redress an allegedly arbitrary and capricious determination by the Classification Committee of his prison security status. Jurisdiction is invoked pursuant to 42 U.S.C. § 1983. The defendant has moved for summary judgment and the plaintiff, given an opportunity to respond thereto, has done so.

The facts may be summarized as follows: The plaintiff has been confined at the Virginia State Farm since June 1971. On March 7, 1972, he was accorded a "B" honor status after successful completion of a vocational training course and a showing of an attitude commensurate with that status.

According to the plaintiff, he was told by his institutional counselor that he "would be eligible for 'A' honor status after six months providing he maintained the same record which was good." Honor "A" status is the highest level of status within the prison system, which status has been attained by only about 9% of the inmate population. Honor "A" prisoners are trustys, whereby they are given minimal supervision, greater canteen privileges in the purchase of personal items and more liberty with regard to their movements in their particular penal unit. Honor "B" status is a medium security one in which prisoners are accorded less freedom of movement, fewer canteen privileges and given more supervision. "C" status inmates are in turn subject to even greater restrictions. Status ratings are determined by the ICC of the unit and thereafter approved or disapproved by the unit supervisor, who makes the final determination.

On August 16, 1972, the plaintiff applied for Honor "A" status which application was rejected by a 3–0 vote of the ICC. The ICC advanced as its reason to the plaintiff, "Not approved for 'Honor A' status (3–0). ICC # 2 believes that Ferrell should establish a firm work record (one job) before being considered for Honor A status." By affidavit submitted in support of the defendants' motion, the Chairman of the ICC further states that

> plaintiff had not established himself within said institution sufficiently for said Committee to make a firm determination as to whether or not plaintiff met the high standards of inmates accorded Honor A status as would be desired from a more lengthy period of observation by custodial and supervisory officials, both on and off the job.

It is from this determination that the plaintiff seeks redress herein.

The plaintiff avers that the ICC determination was arbitrary and capricious and asserts that the true reason for denying his application is the desire of the ICC to punish him for requesting numerous job assignments and for filing various civil actions. The defendants' position, to the contrary and in reliance of the above quoted affidavit, is that the determination was an administrative one based on a careful scrutiny of plaintiff's record and performance, without regard to his petition writing. The specific standards, if any, by which the determination was made, have not been represented to the Court, although the defendants have enumerated specific factors which were considered.

 This Court does not have the authority or jurisdiction to act as a prison review agency. While the Court does have the jurisdiction and duty under 28 U.S.C. § 1343 to redress constitutional deprivations, Landman v. Royster, supra, it is without power to exercise its authority thereunder absent a showing

of deprivation of constitutional magnitude. See McCloskey v. Maryland, 337 F.2d 72 (4th Cir. 1964). Except upon showing of said deprivation, the Court cannot undertake to review routine administrative decisions.

■ The issue remains, therefore, as to what will constitute a proper showing of constitutional deprivation with regard to the ICC determination. Said showing may be made in one of two ways: first, that the ICC determination was arbitrary or capricious so as to be devoid of due process or, second, that the ICC determination was designed as a form of punishment.

■ The Court has in *Landman, supra,* set forth the procedural due process requirements requisite to prison administrative hearings, and need not reiterate them herein. Although the plaintiff has alleged that the determination of the ICC was arbitrary and capricious, he has failed to make a showing of same. Indeed, the records herein reveal that the ICC's decision was made after careful consideration of the plaintiff's "case" as represented to the Committee by the plaintiff's counselor and that such matters as plaintiff's conduct and performance ratings were considered. The Court finds, on the basis of the foregoing, that the ICC determination had a rational basis and that said determination was not arbitrary. Accordingly, the Court need not proceed further to examine the standards utilized by the Committee. Obviously the Committee felt that insufficient time had transpired for it to reach the conclusion that plaintiff had earned Honor "A" status.

Administrative punishment within the prison is determined by the Adjustment Committee, and the requisite elements of procedural due process which the Constitution mandates therefor have been set forth in detail in *Landman, supra.* The ICC, on the other hand, determines security status, not administrative punishment, and ICC decisions which are designed to punish the prisoner are violative of both internal prison regulations and, by the nature of its own decision making process, violative of the procedural safeguards set forth in *Landman.*

■ Plaintiff has alleged that the ICC determination complained of was in reality punishment for his writ writing proclivity and frequent job change requests. The Court finds that he has failed to prove this allegation. Denial of Honor "A" status, which status is accorded to a relatively small number of prisoners, might conceivably be punishment under other circumstances. The plaintiff, however, has failed to demonstrate that such is the instant situation. It must always be borne in mind that the burden of proof rests with plaintiff. The Honor "B", on which status the plaintiff is now placed, is itself a privileged classification. The Court finds that the ICC decision not to accord him the greater privileges of "A" was purely an administrative judgment without regard to punitive intent.

Having determined that the plaintiff, accepting his factual contentions as accurate as distinguished from his conclusory contentions, has failed to sustain the burden of showing by a preponderance of the evidence either arbitrariness or punitive intent, the Court is barred from further inquiry. No constitutional deprivations have been demonstrated herein. Accordingly, summary judgment will be granted for the defendant.

An appropriate order shall issue.