Walter James HOLLAND

v.

R. M. OLIVER et al.

Civ. A. No. 460–72–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Nov. 6, 1972.

Walter James Holland, pro se.

Burnett Miller, III, Asst. Atty. Gen. of Va., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, Walter James Holland, is a prisoner at the Virginia State Farm. He brings this action pursuant to 42 U.S.C. § 1983, challenging his confinement to solitary for forty-five days and his subsequent transfer to maximum security status. The Court's jurisdiction is attained pursuant to 28 U.S.C. § 1343. Defendants have moved for summary judgment, plaintiff has responded, which re-sponse the Court considers to be a cross-motion for summary judgment, and the matter is now ready for disposition.

The circumstances giving rise to this suit involve an alleged escape attempt by the plaintiff. Although the facts surrounding this incident are controverted by the parties, it is clear that plaintiff was apprehended by guards on July 7, 1972, in an area in which he was not authorized to enter at the time of his apprehension.

Subsequently, plaintiff was taken before the Unit Adjustment Committee, where he was found guilty of three charges surrounding the attempted escape and sentenced to fifteen days in solitary confinement on each charge. These charges included hiding in an un-authorized area, destruction of over $50.00 worth of state property and possession of contraband. The record reveals that the charges were read to plaintiff on July 9, 1972, but that he did not receive a written copy of them until July 12, 1972, approximately one hour prior to the Adjustment Committee hearing. Plaintiff appeared at the hearing, was advised of his right to have an attorney present and was given an opportunity both to speak on his own behalf and to present and cross-examine witnesses. After the hearing, plaintiff exercised his opportunity to appeal to R. M. Oliver, Superintendent of the State Farm, and his sentence was reduced to a total of thirty days by Oliver.

On July 25, 1972, the plaintiff's security status was reviewed by the Institutional Classification Committee (I.C. C.). He was found to be an escape risk and was assigned to the maximum security building.

Although it is difficult to determine from plaintiff's pro se complaint of precisely what he is complaining, the Court believes that he is alleging improprieties in regard both to the hearing of the Adjustment Committee and to his transfer to maximum security by the I.C.C.

The majority of plaintiff's allegations concern what he feels to be in-

sufficient evidence to support the findings of both the Adjustment Committee and the I.C.C. As this Court noted in Ferrell v. Huffman, D.C., 350 F.Supp. 164 (1972), this Court does not act as a prison review agency and cannot upset those decisions of prison boards which have followed all procedures required by the due process clause unless they are arbitrary or capricious. The facts surrounding plaintiff's detection in an unauthorized place clearly provide a rational basis on which the Adjustment Committee could find that plaintiff was guilty of the charges placed against him. They also indicate the possibility of an escape, on which the I.C.C. could rest its decision to transfer plaintiff to maximum security. Moreover, the Court does not consider this I.C.C. decision to be in essence punishment requiring the procedures established by this Court in Landman v. Royster, 333 F.Supp. 621 (E.D. Va.1971), but rather an administrative transfer designed to prevent a possible escape.

Plaintiff has also stated facts which the Court considers as an allegation of lack of reasonable notice prior to his Adjustment Committee hearing. Plaintiff has stated, which statement is uncontradicted by affidavits presented on behalf of the defendants, that he did not receive written notice of the three charges against him until one hour prior to the Adjustment Committee hearing. This he alleges to be inadequate notice.

▮ Although some courts have considered the due process clause to provide only limited protection to prisoners, see, e. g., Quick v. Thompkins, 425 F.2d 260 (5th Cir. 1970), this Court has recognized that the fact of incarceration does not destroy all constitutional rights. Rather, inmates whose liberty or property is taken by prison authorities are entitled to the protection of the due process clause to the extent allowed by the exigencies of prison life. Landman v. Royster, supra; see Sostre v. McGinnis, 442 F.2d 178 (2d Cir. 1971); Nolan v. Scafati, 430 F.2d 548 (1st Cir. 1970);

Note, Decency and Fairness: An Emerging Judicial Role in Prison Reform, 57 Va.L.Rev. 841, 864–78 (1971). This Court, in Landman, established certain procedures that must be followed by the Virginia prison authorities in punishing inmates for the violation of prison rules. Among these was the requirement that a "hearing must be preceded by notice in writing of the substance of the factual charge of misconduct." Landman, supra, 333 F.Supp. at 653. Landman expressly declined to establish guidelines of what notice is reasonable under the Fourteenth Amendment. It is clear to this Court, however, that one hour's notice is not reasonable. Such a short period of time simply does not give an inmate the opportunity to prepare any sort of defense. This is particularly true where, as here, plaintiff was generally led to believe that he had been apprehended for an attempted escape, but was not charged expressly with that offense. Since the preparation of a defense is the compelling reason for requiring written notice, the due process clause is not satisfied by one hour's notice.

The defendants have established by affidavit that plaintiff was read a copy of the charges some three days prior to the hearing. The Court does not consider such oral advisement of the charges to constitute reasonable notice. Landman, supra; see also, In re Gault, 387 U.S. 1, 33, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Accordingly, it does not alter the Court's finding that plaintiff was not afforded his full constitutional due.

▮ Since plaintiff's rights were violated by the sort of hearing afforded him, his conviction for the commitment of the offenses must fall. Accordingly, unless the defendant elects to retry plaintiff, such retrial to be accomplished within thirty (30) days of the filing of this Court's order, any good time that may have been taken from the plaintiff as a result of this conviction must be ·restored. The Court will also order that defendant place a notation on plaintiff's official records to the effect that the

conviction in question was overturned by this Court. See Daniels v. Brown, 349 F.Supp. 1288 (E.D.Va.1972). The Court will not, however, order plaintiff's release from maximum security classification. Even if plaintiff had been acquitted of the charges against him, the I.C.C. had the authority to examine the facts surrounding the incident and to decide whether his status in the prison should be changed. The notation on plaintiff's official records of this Court's decision will inform the I.C.C. that the Adjustment Committee's decision was not proper, and it may give this conclusion such weight as it feels is justified.

An order in accordance with this memorandum shall issue.