**Mark Ray LLOYD**

v.

**R. M. OLIVER, Superintendent, Virginia State Farm, et al.**

**Civ. A. No. 301–73–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 24, 1973.

Mark Ray Lloyd, pro se.

Burnett Miller, III, Asst. Atty. Gen. of Va., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Mark Ray Lloyd, a Virginia prisoner, seeks relief from an alleged constitutional deprivation. Jurisdiction is attained by virtue of 28 U.S.C. Sec. 1343, 42 U.S.C. Sec. 1983. The parties are presently before the Court pursuant to defendant's motion for summary judgment.

Lloyd complains of his transfer from a job assignment at the State Farm Book Shop to the prison laundry. Specifically, he alleges that said transfer was effected without an Adjustment Committee (IAC) Hearing, that the Institutional Classification Committee (ICC) decision which approved said transfer was punitive and that the laundry assignment is dangerous to his health. His allegation that the transfer was punitive is conclusory on his part and he nowhere alleges any factual matter in support thereof.

The facts are not in dispute. Lloyd was transferred by the ICC without a hearing from the Book Shop to the laundry upon the recommendation of three of his supervisors who felt that he was a disruptive influence at his former job and not behaviorally well-suited to same. Although the transfer did not involve any change in security status, Lloyd asserts that, because the laundry assignment is less desirable, the effect of said transfer was to punish him.

■ The Court concludes that Lloyd's position is without merit. The Court has heretofore ruled that the ICC which determines such matters as security status and job assignments, must act in a manner which is free of arbitrariness or punitive intent. Ferrell v. Huffman, 350 F.Supp. 164 (E.D.Va. 1972). Freedom from arbitrariness is a constitutional requirement of action by state agencies, see e. g. Goldberg v. Kelley, 397 U.S. 254, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970); that the ICC act without punitive intent is constitutionally mandated by the Fourteenth Amendment within the framework of the prison administrative organization, see Ferrell.[1] These standards are prerequisites for all ICC determinations.

■ When the ICC considers a security status change, and the prisoner is thus liable to lose certain privileges, a hearing is mandated. Landman v. Royster, 354 F.Supp. 1292 (E.D.Va.1973). The nature of that hearing is discussed in Landman, supra, and in Nimmo v. Simpson, CA 163–73–R.

■ The question presently before the Court is whether a hearing is required where the ICC contemplates a change in job assignments which presents no security change. The Court concludes that a hearing is not required. A prisoner subject to lateral job transfer suffers no loss of rights, privileges or parole eligibility. He may, as here, suffer some loss of contentment or satisfaction with his particular job. These latter effects, however, are not matters of constitutional magnitude, and in this context the job satisfaction of an inmate may legitimately be balanced against the flexibility of administrative personnel in carrying out their functions in a feasible manner.

■■ The fact that a hearing is not necessitated for lateral job transfers does not, however, obviate the requirement that the ICC act without arbitrariness or punitive intent, and it is against this basic standard that Lloyd's present claim must be measured. The records before the Court indicate that the ICC acted upon the recommendation of the Book Shop supervisors who found that Lloyd was a disruptive influence ill-suited for that assignment. The Court concludes upon these records that the ICC acted neither arbitrarily or punitively.

---

1. Punishment within the prison is the sole function of the IAC and certain procedural safeguards apply thereto. Landman v. Royster, 333 F.Supp. 621 (E.D.Va.1971).

Lloyd's claim with respect to the health conditions at the laundry are repetitious of Mark Ray Lloyd v. Oliver, CA 141–73–R (6/6/73) and without merit.

For the reasons stated above, summary judgment shall enter for the defendant.