**Leo Franklin BROOKS, Petitioner,**

v.

**Frank DUNN, Director, Furlough Committee, Division of Corrections, Respondent.**

**Civ. A. No. 74–C–17–D.**

United States District Court,
W. D. Virginia,
Danville Division.

May 28, 1974.

James W. Hopper, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Plaintiff, Leo Brooks, an inmate at the Chatham Correctional Field Unit, instituted this action alleging that the defendant, Frank Dunn, Chairman of the Division of Corrections Furlough Committee, had wrongfully denied him a furlough and, in addition, had libeled him by publishing untrue and defamatory statements regarding plaintiff's prior criminal record. Jurisdiction is attained pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343. The defendant has moved for summary judgment and the plaintiff has responded thereto; consequently, this matter is now ready for disposition.

Plaintiff petitions this court for $100,000 in monetary damages and injunctive relief in the nature of a court order directing his participation in the

furlough program. He bases his request on the following circumstances. On February 2, 1974, plaintiff submitted an application for participation in the furlough program to Mr. F. C. Boyd, Superintendent of the Chatham Correctional Unit. According to Division Guidelines,[1] Mr. Boyd considered the application and noted his recommendations. He remarked that plaintiff's institutional record was "good, no punishments, works every day in kitchen;" that his medical record revealed that plaintiff "has not been to the doctor, has not been out sick," and he concluded plaintiff "has worked to earn a furlough." The Superintendent then forwarded the application to the Institutional Classification Committee (ICC) for its recommendation. The ICC approved plaintiff's participation in the program and forwarded plaintiff's application to the Division Furlough Committee for final action. The Furlough Committee, contrary to the recommendations of Superintendent Boyd and the ICC, denied plaintiff's application citing his "extensive F.B.I. record" and opined that it was "too soon [for him] to return to society."[2]

Plaintiff argues that his furlough was denied for "false, untrue and slanderous reasons" which are irrelevant to the furlough guidelines. Furthermore, he asserts the basis for his denial, his F.B.I. record, is a fabrication and that he has earned the right to a furlough as indicated by his institutional record and the recommendation of Superintendent Boyd.

Accompanying defendant's motion for summary judgment, is the affidavit of Chairman Dunn. Therein, he states that, after a review of the plaintiff's record, it was the unanimous opinion of the Furlough Committee that plaintiff was a very poor candidate for furlough. Mr. Dunn related that the Committee noted that at the time of the offense for which plaintiff was returned to imprisonment he had been on parole and considered this an indication of his failure to adjust to parole and his inability to function on the street. Additionally, the Committee noted his extensive F.B.I. record dating back to 1962 and also felt plaintiff had not earned the right to participate due to the short time he had served as a recidivist.

The furlough program is a statutory creation pursuant to § 53–37.1 of the Virginia Code. The Director of the Department of Corrections is authorized to grant furloughs and the Department is directed to establish guidelines governing the granting of furloughs. Pursuant to Division Guideline # 813 III(2), the Director has delegated his authority to the Division Furlough Committee acting with the recommendations of the Unit Superintendents and the ICC.

■ Consequently, a prison inmate does not have a constitutional right to a furlough and "a proper exercise of discretion by the appropriate penal official is not reviewable under § 1983." Moore v. Howard, C.A. 73–373–R (E.D.Va., July 25, 1973); See Boddie v. Weakley, 356 F.2d 242 (4th Cir. 1966) (No constitutional right per se to parole). Never-

---

1. Division Guideline # 813 (Revised) provides:

2. Application: The inmate will apply to his superintendent on forms to be provided, outlining a complete furlough plan and reason for the requested furlough. The superintendent may ask the Institutional Classification Committee for its recommendation. The application with the superintendent's recommendation, together with any available supporting data, will be forwarded to the Division Furlough Committee in the Office of the Director for final action.

2. The Committee, in addition to noting plaintiff's F.B.I. record on his application for furlough, also included an explanation that furlough was denied because plaintiff was not eligible until July 2, 1974. In his affidavit Chairman Dunn also referred to plaintiff's ineligibility. The court has not considered this contention by the defendant as a basis for denying plaintiff's application since it is unnecessary to the resolution of this controversy and because the records available to the court pertaining to the remainder of plaintiff's sentence and the date he becomes eligible for parole are inadequate and, at times, conflicting.

theless, prison inmates and entitled to equal protection of the law and even a discretionary determination such as a denial of furlough must comport with this prescription. *Id.* at 2. Therefore, in order to establish a constitutional deprivation cognizable pursuant to § 1983, a prisoner must show that the Furlough Committee determination was arbitrary or capricious so as to be devoid of due process or that the determination was designed as a form of punishment. Ferrell v. Huffman, 350 F. Supp. 164 (1972) (ICC determination regarding inmate security status); Moore v. Howard, C.A. 73–373–R (E.D. Va., July 25, 1973) and King v. Oliver, C.A. 245–73–R (E.D.Va. July 16, 1973) (both holding the standards of *Ferrell* applicable to determinations regarding furlough grants).

■■ Since plaintiff does not allege that the denial was punitive in nature, he is limited to establishing that the determination was capricious or arbitrary. Apparently, the Committee denied plaintiff's application due to his proclivity for committing serious crimes within the previous twelve years[3] and due to the fact that he was recently convicted of committing arson while on parole from a prior conviction for arson. Evidently the Committee resolved that plaintiff was not a good security risk because of his criminal record and owing to his recent failure to adjust to civilian life. After analyzing this decision, the court cannot say it was without substantial reason so as to be characterized as arbitrary or capricious. Albeit, plaintiff has had a commendable record, as substantiated by his Superintendent while at the Chatham Unit. Contrary to his contention, however, this is not the only factor considered by the Furlough Committee in judging furlough applications. The court can only advise the plaintiff that it is confident that if he maintains his present record subsequent applications will likely receive favorable consideration by the Committee.

■■ Plaintiff's allegation that defendant defamed him fails to state a cause of action remediable pursuant to § 1983. Even if he could prove his allegation, he would not be entitled to relief, for it is conclusively established that an allegation of defamation does not present a federal claim. *E. g.,* Rosenberg v. Martin, 478 F.2d 520, 524 n.4 (2d Cir. 1973), Church v. Hamilton, 444 F.2d 105 (3rd Cir. 1971); Heller v. Roberts, 386 F.2d 832 (2d Cir. 1967); Jervey v. Martin, 336 F.Supp. 1350 (W.D.Va.1972); Keen v. Philadelphia Daily News, 325 F.Supp. 929 (E.D.Pa.1971); Morey v. Independent School Dist., 312 F.Supp. 1257 (D.Minn.1969), aff'd 429 F.2d 428 (8th Cir. 1970). Regardless of whatever basis plaintiff conceivably might have for a tort action under state law, he has failed to present any facts which might entitle him to relief in this court.

For the aforementioned reasons, the complaint is hereby ordered dismissed.

---

3. Although plaintiff alleges that the F.B.I. report submitted by the defendant is untrue, he has failed to present any factual support for his contention. The report is certified to be a true copy and Chairman Dunn, in his affidavit, asserts its validity. Under these circumstances, plaintiff cannot merely rely on the denials contained in his pleadings and, therefore, the court accepts defendant's contention that the report is an accurate representation of plaintiff's previous criminal record. Fed.R.Civ.P. 56(e).