**William Frank MARSHALL, Plaintiff,**

**v.**

**Mills E. GODWIN et al., Defendants.**

**Civ. A. No. 75–C–68–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Feb. 4, 1976.

---

William Frank Marshall, pro se.

Burnett Miller, III, Asst. Atty. Gen., Richmond, Va., for defendants.

## OPINION and JUDGMENT

DALTON, District Judge.

William Frank Marshall has filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging mistreatment by state and corrections officials in refusing to order a reduction in his period of incarceration pursuant to Section 53–220 of the Virginia Code,[1] for services rendered to these officials. He seeks monetary and injunctive relief. Specifically he states that he furnished the prison ad-

ministration with information "pertaining to escape plots, the abuse of dangerous drugs, the carrying of dangerous weapons, the location of mash, and other very important information." As a result of this, Sargeant D. W. Stokes, an officer at Rustburg Correctional Unit # 9, to whom petitioner supplied certain information, wrote a letter of commendation for petitioner. Petitioner retained a copy of this letter and somehow inmates at the Rustburg Unit obtained a carbon copy of it, rewrote it, and placed it on the inmates bulletin board.

Petitioner was immediately transferred to another Correctional Unit for his own safety and subsequently the Central Classification Board approved another transfer to Unit # 10. Petitioner states that the respondents have failed to afford petitioner the equal treatment all prisoners should receive under § 53–220 of the Virginia Code by not granting him his sentence reduction. Respondents have moved to dismiss this action on the ground that it does not state a claim of constitutional magnitude. While they admit that the facts as stated by petitioner did occur, they state that § 53–220 is discretionary and that respondents have never been asked to approve a recommendation concerning a reduced sentence for petitioner.

The express wording of § 53–220 is that the State Board, with the consent of the Governor, "*may*" allow a prisoner a reduction in sentence for extraordinary services. Clearly, the use of the word "may" indicates a legislative intent to make a reduction in sentence a discretionary act for Corrections officials. Furthermore there is no constitutional right *per se* to a reduction in sentence for extraordinary services rendered just as there is no constitutional right to parole, *Boddie v. Weakley*, 356 F.2d 242

---

1. The first sentence of § 53–220, Virginia Code Annotated (1950) reads:

"The State Board, with the consent of the Governor, may allow to any prisoner under its control who renders assistance in preventing the escape of another prisoner or in the apprehension of an escaped prisoner, or who gives a blood donation to another prisoner, or who voluntarily or at the instance of the prison official renders other extraordinary services, or who while in the prison system suffers bodily injury, a credit upon his term of confinement of such period of time or the Board in its discretion determines for each service or injury."

(4th Cir. 1966) or to a furlough, *Brooks v. Dunn*, 376 F.Supp. 976 (W.D.Va.1974). Judgments by prison officials involving these matters should be left to the discretion of the prison administration, cf. *Gittlemacher v. Prasse*, 428 F.2d 1 (3rd Cir. 1970); *McCloskey v. Maryland*, 337 F.2d 72 (4th Cir. 1964). Thus, federal court intervention would be warranted only where a pattern of intentional, discriminatory application of § 53–220 is demonstrated, cf. *Norris v. Alabama*, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074 (1934); *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886).

This court does not read petitioner's complaint to suggest such an unconstitutional discrimination. It merely charges that the petitioner did not receive a reduced sentence for a service he thought warranted it. Furthermore it is an uncontradicted fact that Sargeant Stokes did write a letter of commendation for petitioner to reward him for services rendered. Respondents Godwin, Davis, Proctor, and Reynolds have not ever been asked to approve or recommend a sentence reduction. Consequently, they can in no way he held liable for violating petitioner's civil rights.

Accordingly, this action is ordered dismissed and judgment awarded to the respondents. The clerk is requested to certify a copy of this opinion to petitioner and counsel for respondents.