626 F.Supp. 1096 (1986)
Randy Glenn SPENCER, Plaintiff,
v.
Valeta SNELL, et al., Defendants.
No. 85-2888C(4).
United States District Court, E.D. Missouri.
January 22, 1986.
Randy Glenn Spencer, pro se.
Mark Edelman, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM AND ORDER
CAHILL, District Judge.
This matter comes before the Court on defendants' motion to dismiss and plaintiff's motion for appointment of counsel.
Plaintiff, Randy Glenn Spencer, a resident at the Missouri Eastern Correctional Center, filed this 42 U.S.C. § 1983 action seeking declaratory relief and damages for the prison's alleged refusal to allow plaintiff to participate in a vocational program provided by the prison because plaintiff was already in the Missouri Sexual Offenders' Program. Defendants move to dismiss the complaint contending that prisoners have no federally protected right to participate in a particular vocational training or rehabilitation program.
This Court agrees with defendants' assertion that there is no constitutional right to rehabilitation or vocational programs. Johnson v. Galli, 596 F.Supp. 135 (D.Nev. 1984). Federal courts in Missouri have already examined this contention. The federal district court for the Western District of Missouri, although recognizing the inherent benefits of basic remedial and vocational programs, noted that it was not "convinced that the programs were mandated as a matter of constitutional law." Ahrens v. Thomas, 434 F.Supp. 873, 900 (W.D.Mo. 1977). In Russell v. Oliver, 392 F.Supp. 470, 474 (W.D.Va.1975), the court held that there was "no federal constitutional right to vocational training ... for inmates in a correctional system...." Id. This Court is convinced that the weight of authority is that prisoner rehabilitation, education, and vocational training programs do not rise to the level of federally protected rights; but *1097 rather, fall into discretionary authority left to the prison administrators. See Hayes v. Cuyler, 475 F.Supp. 1347, 1350 (E.D.Pa. 1979); see also Hluchan v. Fauver, 480 F.Supp. 103, 107-108 (D.N.J.1979); Lock v. Jenkins, 464 F.Supp. 541, 555 (N.D.Ind. 1978); Nelson v. Twomey, 354 F.Supp. 1151, 1153 (N.D.Ill.1973); Cleggett v. Pate, 229 F.Supp. 818, 819 (N.D.Ill.1964). This would especially be true under these circumstances where the prison is preventing participation in one program to assure participation in another, more compulsory rehabilitative program.
Also before the Court is plaintiff's motion for appointment of counsel. Because the Court is dismissing the petition, the plaintiff's motion is moot and will be denied. Accordingly,
IT IS HEREBY ORDERED that defendants' motion to dismiss is GRANTED, wherefore plaintiff's complaint is DISMISSED.