805 F.2d 393
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles H. HOLLEY, Appellant,
v.
Robert LANDON, Director; Robert Spann, Dep. Dir.; William
P. Rogers, Warden; C.D. Larsen, Acting Warden;
W.E. Bolden, Appellees.
 No. 86-7060.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 8, 1986.
Decided Nov. 18, 1986.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (C/A No. 84-1260-AM)
 Charles H. Holley, appellant pro se.
 Guy W. Horsley, Jr., Assistant Attorney General, for appellees.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles H. Holley, a Virginia inmate, appeals the district court's dismissal of his civil rights action, brought under 42 U.S.C. Sec. 1983. We affirm.
 
 
 2
 Holley was involved in an accident on September 17, 1982, while being transported in a security van at the Virginia Department of Corrections' ("VDOC") James River Correctional Center. According to Holley, he sustained injuries to his back, head, neck, and legs. He eventually sought a reduction in his sentence pursuant to Va.Code Sec. 53.1-191[1] and the VDOC's Division of Adult Services' Guideline No. 810.[2] An acting warden, C.D. Larsen, apparently the warden at the VDOC unit where Holley then resided, recommended on March 15, 1984, that Holley's sentence be reduced, as did a VDOC regional administrator, acting at the next level of review, on March 19, 1984. On May 10, 1984, Holley's matter came before the Sentence Reduction Review Committee, an intermediate body established under Guideline No. 810 Sec. (IV)(B) to review sentence reduction reports submitted by VDOC units. The committee voted on May 10, 1984, to deny the recommended reduction in sentence.
 
 
 3
 Holley learned of the denial on August 3, 1984. He then appealed the Review Committee's determination through the VDOC's inmate grievance procedure. In response, Holley received an October 15, 1984, communication from a Thomas J. Towberman, assistant director of the VDOC's classification and parole administration. Towberman stated that the committee based its decision upon medical reports submitted by two physicians. In response to an inquiry by Holley, Towberman stated that Holley's record of previous felonies did not enter into the committee's consideration of the sentence reduction. Holley pursued further appeals of his grievance without success and then brought this action.
 
 
 4
 Holley alleges three constitutional violations:
 
 
 5
 (1) He was denied due process in the denial of his request for a reduction in sentence;
 
 
 6
 (2) The Review Committee acted arbitrarily in denying the reduction;
 
 
 7
 (3) Prison officials violated the procedural dictates of Guideline No. 810 in processing the sentence reduction recommendation.[3]
 
 
 8
 As to claim one, the use of the word "may" in Sec. 53.1-191 and Guideline No. 810 indicates a legislative intent to make a reduction in sentence a discretionary act for VDOC officials. Marshall v. Godwin, 408 F.Supp. 1202 (W.D.Va.1976), aff'd, 556 F.2d 573 (4th Cir.1977) (No. 76-1295) (April 18, 1977) (citing Va.Code Ann. Sec. 53-220 (1950) (current version at Sec. 53.1-191)). An interest protected by the Due Process Clause of the Fourteenth Amendment is not created by a law or regulation that does not place substantive limits on official discretion. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). Neither Sec. 53.1-191 nor Guideline No. 810 place substantive limits on prison officials' discretion, and thus no protectible interest is created. Claim one fails.
 
 
 9
 Despite the discretion accorded prison officials by Sec. 53.1-191 and the governing regulations, a constitutional claim might be stated if officials in denying the sentence reduction acted in a manner otherwise violative of the Constitution. See Montayne v. Haymes, 427 U.S. 236, 242 (1976); Marshall, supra, at 1204 (citing Yick Wo v. Hopkins, 118 U.S. 356 (1886)). In support of his second claim, Holley complains that his request for sentence reduction was denied, while those of other "similarly situated" inmates were granted. He also states that the Review Committee's actions were "arbitrary and capricious." However, he has not provided facts to support a claim of those or any other constitutional violations. Moreover, Towberman stated that the reduction request was denied on the basis of medical reports, documents relevant to the seriousness of Holley's injury. Summary judgment was thus properly granted on claim two. White v. Boyle, 538 F.2d 1077 (4th Cir.1976).
 
 
 10
 As to Holley's third claim, that prison officials violated Guideline No. 810's procedural rules, there is again no protectible due process interest. Olim, supra, at 250. The existence of the procedural steps in Guideline No. 810 does not create a protected interest. See id.; Hewitt v. Helms, 459 U.S. 460, 471 (1983). Moreover, Holley has shown neither that he relied on Guideline No. 810's procedural provisions nor that he suffered substantially because of their violation. Cf. United States v. Caceres, 440 U.S. 741 (1979).
 
 
 11
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the district court's judgment.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The first sentence of Sec. 53.1-191, Virginia Annotated Code (Michie 1982 & Supp.1985), reads:
 The Board, with the consent of the Governor, may allow to any prisoner confined in a state correctional facility a credit toward his term of confinement if he (i) renders assistance in preventing the escape of another prisoner or in apprehension of an escaped prisoner; (ii) gives a blood donation to another prisoner; (iii) voluntarily or at the instance of a prison official renders other extraordinary services; or (iv) suffers bodily injury while in the prison system.
 
 
 [2]
 Guideline No. 810 provides in relevant part:
 This guideline provides that the Board of Corrections, with the consent of the Governor, may grant a credit upon the term of confinement to an inmate who ...
 
 
 [3]
 While in the prison system, suffers serious bodily injury that was not caused by misconduct of the prisoner
 Division of Adult Services, Virginia Department of Corrections, Guideline No. 810 Sec. (VI)(A)(3) (March 15, 1984).
 
 
 [4]
 Specifically, Holley alleges that the VDOC's director failed to render an opinion on the Review Committee's recommendation, an action which Holley seems to contend violated Guideline No. 810 Sec. (VI)(D)(1). Based on the procedures followed in this instance, the VDOC in reviewing sentence reduction recommendations apparently does not forward denials of sentence reductions to the next level of review. Instead, the VDOC apparently only sends recommendations favoring sentence reductions to a higher level. This procedure seems to be suggested by Guideline No. 810 Secs. (V)(B), (C). Thus, if the director did not review the Review Committee's denial, it is likely that no violation of Guideline No. 810 occurred. For the sake of argument, however, we will assume that a violation of Guideline No. 810 Sec. (VI)(D)(1) occurred