Merle **HIPES**, Plaintiff,

v.

D.A. **BRAXTON**, et als., Defendants.

Civ. A. No. 95–0212–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

March 7, 1995.

---

Merle Hipes, pro se.

## MEMORANDUM OPINION

TURK, District Judge.

MERLE HIPES, a Virginia inmate proceeding *pro se*, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Hipes alleges that the defendants, officials at Keen Mountain Correctional Center, violated his constitutional rights because they refused to allow him to visit his brother when the brother was on his death bed or to attend his brother's funeral. Hipes also claims that defendants' failure to grant his furlough request violated Department Operating Procedure (DOP) 860 and Internal Operating Procedure (IOP) 860. He seeks injunctive and monetary relief.

Upon consideration of the complaint and affidavit of poverty accompanying the complaint, the court is of the opinion that the complaint should be filed *in forma pauperis* and that the action should be dismissed as meritless under 28 U.S.C. § 1915(d). A complaint filed *in forma pauperis* may be dismissed under this section if it is based on "inarguable legal conclusion[s]" or "fanciful" factual contentions. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1988). Inmates have no specific constitutional right to a furlough, whether for visitation of sick relatives or attendance of funerals. *Brooks v. Dunn*, 376 F.Supp. 976, 978 (W.D.Va.1974).

The court also finds that Virginia furlough statutes and regulations do not create a constitutionally protected liberty interest for inmates. Lawfully incarcerated persons retain only a narrow range of protected liberty interests, while prison administrators have broad discretion in the management of correctional institutions. To determine if a protected liberty interest has been created, the court must look to the language of the applicable state law or regulation. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). The use of explicitly mandatory language in regulations governing the allowance of furloughs from incarceration would create such a liberty interest. *Id.* at 471–72, 103 S.Ct. at 871–72. To create a liberty interest, the regulation must require that the state decision maker use certain procedures and must place specified, substantive limits on the decision maker's discretion. *Id.*

■ Virginia Code Section 53.1–37 provides the Director of the VDOC with authority to grant furloughs to inmates for purposes of visiting home or family. The statute itself sets no mandatory criteria under which a furlough must be granted, but rather states that the Director "may," in his discretion, grant furloughs. *Id.* The VDOC regulation issued in conjunction with the statute, DOP 860, also makes the ultimate decision of granting furlough discretionary. Section 860–7.1 states that "[f]uneral attendance and deathbed visits may be considered" if certain conditions are met. One of these conditions is that the inmate or someone acting on his behalf must pay the costs of his furlough, including escort salary, transportation, meals and lodging. DOP 860–7.7. The court finds that neither the language of the statute nor the language of the regulation creates any liberty interest for inmates who meet the recommended criteria to receive a furlough. *See Durkin v. Taylor,* 444 F.Supp. 879 (E.D. 1977) (regulation then in force did not create liberty interest). The ultimate decision, even when the criteria are met, ultimately rests with prison administrators. DOP 860–7.4 and 860–7.5. Under *Hewitt,* statutes creating such discretionary privileges do not create any liberty interest entitling the inmate to federal due process protections. 459 U.S. at 471–72, 103 S.Ct. at 871–72.

■ Hipes admits that he and his family could not afford to pay his furlough expenses, although he otherwise met the criteria for furlough eligibility. DOP 860–7.1. However, he argues that the Inmate Advisory Committee (IAC) has helped other inmates cover furlough expenses for deathbed and funeral visits. Inmates are entitled to equal protection of the law, and even a discretionary determination such as denial of furlough must comport with this principle. *Brooks,* 376 F.Supp. at 979. Hipes also submits a copy of a VDOC memo to the IAC which states that such outside funding of inmate furloughs will not be allowed until written procedures can be implemented to ensure uniformity in the furlough review process. It appears that the prison shares plaintiff's equal protection concerns and has moved to correct them. In any event, a difference in treatment of inmates in this case is clearly justified by the expense requirement of the regulation, even though it is not clear from Hipes pleading that payment was the basis for denial of his furlough requests.

■ As plaintiff has failed to demonstrate that denial of his furlough represents any constitutional violation, he has failed to state a claim against these defendants under § 1983. *West,* 487 U.S. at 48, 108 S.Ct. at 2254–55. Violations of state law by state officials do not provide basis for constitutional claims under § 1983. *Weller v. Dep't of Social Services,* 901 F.2d 387, 392 (4th Cir. 1990). As there is no factual or legal basis for his § 1983 claims, they shall be dismissed, pursuant to § 1915(d). An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

## *ORDER*

In accordance with the written Memorandum Opinion entered this day, it is hereby

## ADJUDGED AND ORDERED

that this action be filed *in forma pauperis* and dismissed without prejudice pursuant to 28 U.S.C. § 1915(d).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send a certified copy of this order and the accompanying Memorandum Opinion to the plaintiff.