300 So.2d 142 (1974)
Christine LEWIS
v.
DELTA LOANS, INC.
No. 47728.
Supreme Court of Mississippi.
September 9, 1974.
*143 Jones & McKibben, R. James Young, Barry H. Powell, Bryan B. Harper, Jr., Jackson, for appellant.
J.H. White, Jr., Harmon W. Broom, Jackson, for appellee.
INZER, Justice:
This is an appeal by Christine Lewis, plaintiff below, from a judgment of the Circuit Court of the First Judicial District of Hinds County which affirmed a judgment of the county court holding that a state court is not the proper forum for the enforcement of rights arising under Section 130 of the Truth in Lending Act, [hereinafter sometimes called the Act], 15 U.S.C.A. § 1640. We reverse and remand.
Appellant Lewis sought money damages under the civil liability provision of the Truth in Lending Act, 15 U.S.C.A. § 1640. The jurisdiction of the court was invoked pursuant to the jurisdictional grant of the civil liability provision, 15 U.S.C.A. § 1640(e). In addition to damages under the Truth in Lending Act appellant also sued for relief under state statutory law, a claim with which we are not concerned on this appeal.
As a responsive pleading to the appellant's declaration, the defendant-appellee filed a motion to strike all portions of the appellant's declaration which sought relief under the Truth in Lending Act. The appellant urged that the Act was not enforceable in the state courts of Mississippi as grounds for his motion. The county court granted appellee's motion and gave the appellant fifteen days to so amend her declaration or the entire suit would be dismissed. Appellant declined to amend and prosecuted an appeal to the circuit court which affirmed the order of the county court. Hence this appeal.
Appellant argues that the state courts, as well as federal district courts, have jurisdiction to hear any suit brought under the civil liability provisions of the Truth in Lending Act. The specific statutory language under which appellant sought to invoke the jurisdiction of the county court constitutes Section 130(e) of the Act and is found at 15 U.S.C.A. § 1640(e) as follows:
Any action under this section [§ 1640] may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.
*144 It is further argued by appellant that where concurrent jurisdiction exists over rights arising under the constitution and laws of the United States, state courts are mandated to accept such jurisdiction under the Supremacy Clause of the United States Constitution.[1]
The appellee opposes these views and urges that only federal district courts and courts of United States' possessions come within the description "any United States District Court or any other court of competent jurisdiction."
Jurisdiction of actions brought under the Truth in Lending Act has been taken by state courts in many cases, but as far as has been determined there has been no analysis by these courts of the jurisdictional question here considered. See First Nat'l Bank of Commerce v. Eaves, 282 So.2d 741 (La. App. 1973); McDonald v. Savoy, 501 S.W.2d 400 (Tex.Civ.App. 1973); Browning v. Levy's, 20 Ariz. App. 325, 512 P.2d 857 (1973). The only authority located directly in point on the question here presented takes the position, though somewhat equivocally, that state courts were intended to have concurrent jurisdiction under the civil liability provision of the Act.[2]
There is certainly nothing inherently incompatible with the concept that state and federal courts may exercise concurrent jurisdiction over rights created under federal law. To the contrary "concurrent jurisdiction has been a common phenomenon in our judicial history, and exclusive federal court jurisdiction over cases arising under federal law has been the exception rather than the rule." Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 507, 82 S.Ct. 519, 523, 7 L.Ed.2d 483, 487 (1962). Consistent with this doctrine, this Court has on several occasions held that unless jurisdiction over federally created rights is expressly restricted to the federal courts, the state courts have concurrent jurisdiction. Masonite Corp. v. IWA, 215 So.2d 691 (Miss. 1968); Southern Bus Lines, Inc. v. Amalgamated Asso. of St. Elec. Ry. and Motor Coach Employees, 205 Miss. 354, 38 So.2d 765 (1949); cf. Mengle Co. v. Ishee, 192 Miss. 366, 4 So.2d 878 (1941).
Nothing in the wording of the jurisditional grant under 15 U.S.C.A. § 1640(e) indicates an intention to restrict jurisdiction under the Act to federal courts, and nothing in the legislative history of the Act suggests such an intention. 1968 U.S.Code Cong. and Admin.News, p. 1962. Consequently, in the absence of any indication of Congressional intent to restrict jurisdiction and in view of the broad word of the jurisdictional grant, we hold that state courts have concurrent jurisdiction under § 130(e) of the Truth in Lending Act, 15 U.S.C.A. § 1640.
State courts are not free to refuse or ignore jurisdiction over rights of action which arise under the constitution and laws of the United States. If the ordinary jurisdiction of the state court as prescribed by local law is adequate to the case, the court must accept jurisdiction of *145 such federally created rights, U.S.Const. art. VI, cl. 2; Testa v. Katt, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947). The county court being a court of general jurisdiction, we hold that jurisdiction of the appellant's claim under the Truth in Lending Act was improperly refused by the county court.
For the reasons stated the case must be and is reversed and remanded.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.
NOTES
[1] U.S.Const. art. VI, cl. 2.
[2] In a letter of September 1, 1969, subsequently designated FRB Public Position Letter No. 99, Frederic Soloman, Director of the Federal Reserve Board, gave the following opinion on concurrent jurisdiction under the civil liability provisions of the Truth in Lending Act:

In answer to your question regarding paragraph (e) of Section 130 of the Act, I believe that State courts do have concurrent jurisdiction with the United States District Courts. The reference to "... any other court of competent jurisdiction ..." simply means that any State court which is competent under the applicable state law could try such a case. 2 R. Clontz, Truth in Lending Manual, App. E, p. E-139 (3rd ed. 1973).
The Federal Reserve Board is the agency officially authorized by Congress to interpret the Act. Though the Public Position Letters do not constitute official regulations, they do "represent the careful analysis by most able counsel on the staff of the Board." 2 R. Clontz, Truth in Lending Manual, App. E, p. E-3, (3rd ed. 1973).