**Robert W. CHAPMAN, Petitioner,**

v.

**B. C. PLAGEMAN et al., Respondents.**

**Civ. A. No. 76–0033(L).**

United States District Court,
W. D. Virginia,
Lynchburg Division.

July 19, 1976.

---

11. Compare section 19(b) villages with 19(a) villages.

Robert W. Chapman, pro se.

Patrick A. O'Hare, Asst. Atty. Gen., Richmond, Va., for respondents.

### OPINION and JUDGMENT

DALTON, District Judge.

Robert W. Chapman has filed this pro se complaint pursuant to 42 U.S.C. § 1983 seeking injunctive and monetary relief for various unconstitutional actions that allegedly occurred at Rustburg Correctional Unit # 9, where Chapman is incarcerated. Among the various claims, Chapman presents are the following:

1) He has not been permitted to pursue the job status which he sought and for which he was transferred.

2) He does not get outside enough to get proper exercise.

3) He is resented at Unit # 9 for prior complaints he has filed against officials at that Unit.

4) Unit # 9 is a health hazard due to poor plumbing facilities, improper sleeping accommodations and the threat of a tuberculosis epidemic.

The respondents have answered and filed a motion for summary judgment. They have also filed exhibits and affidavits in support of this motion. In response to this motion, the petitioner has filed a "motion to dismiss summary judgment." Thus this case is now ripe for an opinion by this court.

Petitioner first complains that he has not been permitted to pursue a plumbing or maintenance type job which he says was recommended for him when he was ordered transferred by the Institutional Classification Committee. He admits that he has been told by the respondent that such jobs are not presently available at the Unit, but he also states in a supplemental affidavit filed on June 14, 1976 that he believes that such jobs are available.

Petitioner further admits in his responsive affidavit of June 24th, that he has voluntarily taken a job on the road so as to obtain work and attempt to earn some good time credits on his sentence. Respondent states that due to the unavailability of the plumbing and maintenance types of jobs, the petitioner was offered this job on the road, with the knowledge that he did not have to accept it due to his medical status. Affiant Plageman notes that the petitioner will be called upon for plumbing or electrical work if the occasion arises, but he also adds that these types of jobs are selective in nature, the choice being made by a regional state maintenance man who works at Unit # 9.

After careful consideration of this claim, this court is of the opinion that it does not rise to constitutional status. Certainly an inmate has no constitutional right to any particular job status while incarcerated. Given a valid conviction, a criminal defendant has been deprived of his liberty to the extent that a state may confine him and subject him to the rules of its prison

system so long as the conditions of confinement do not otherwise violate the Constitution. *Meachum v. Fano,* —— U.S. ——, 96 S.Ct. 2532, 49 L.Ed.2d —— (1976).

The assignment of jobs without punitive consequences is the type of day to day prison administrative task with which a federal court ought not to tamper absent evidence of arbitrariness and discrimination. *Lloyd v. Oliver,* 363 F.Supp. 821 (E.D. Va.1973); See also *Gittlemacker v. Prasse,* 428 F.2d 1 (3rd Cir. 1970), *Breeden v. Jackson,* 457 F.2d 578 (4th Cir. 1972). Since the petitioner has not been forced to work anywhere, the record does not reveal any such arbitrariness. Whether a plumber or maintenance type job is available is irrelevant because the assignment to such a task is discretionary. This court concludes that no constitutional rights have been abrogated by the failure to place petitioner in such a job.

■ Petitioner's second claim concerns the volume of exercise time allotted to inmates at Unit # 9. Respondents reply that due to a shortage of officers, exercise periods at Unit # 9 have been curtailed, but that all inmates are permitted to exercise on weekends. The amount of exercise time is also a matter more properly to be decided by prison administration. *Krist v. Smith,* 439 F.2d 146 (5th Cir. 1971). The court is sufficiently satisfied from uncontradicted facts that some exercise time is available to the petitioner.

■ Petitioner's third claim is now ripe for judgment by this court. While he alleges that he is resented for having previously filed lawsuits against officials at Unit # 9, he alleges no act that has resulted from this resentment. There has been no injury to petitioner, and the mere fact that he fears retaliatory action against him is not a substantial allegation to warrant interference by this court.

■ Petitioner's last claim concerns certain conditions at Unit # 9. His fear of a tuberculosis epidemic is based on two cases of the disease that have arisen at Unit # 9. Respondents note that the two inmates were immediately transferred to a hospital and Affiant Bogart, the Unit nurse notes that every inmate at the Unit has been tested for the disease.

Petitioner also complains that the toilets do not flush adequately and that the beds are placed too close together and are not sanitized when a new inmate sleeps in them. Of course, incarceration itself brings many unpleasant living conditions. The question before this court is whether the conditions described here are sufficiently shocking so as to amount to cruel and unusual punishment. *McCray v. Burrell,* 516 F.2d 357 (4th Cir. 1975), *Landman v. Royster,* 354 F.Supp. 1302 (E.D.Va.1973). This court is sufficiently satisfied that these enumerated conditions do not constitute cruel and unusual punishment. While they represent inconveniences that are burdensome, they are not so shocking or barbarous as to violate the Constitution. *Novak v. Beto,* 453 F.2d 661 (5th Cir. 1971).

Accordingly, this court herein grants summary judgment for the respondents in this action. The clerk is requested to certify a copy of this opinion to petitioner and counsel for the respondents.