SULLIVAN, Justice,
for the Court:
On July 14, 1989, Edward Terrell, an inmate at South Mississippi Correctional Institution, filed a Motion to Show Cause in the Greene County Circuit Court. In this Motion, Terrell alleged that he was discriminated against by prison officials because of his race. Allegedly, the officials hired a white inmate for a job even though Terrell was better qualified. The court overruled the Motion and Terrell appeals that decision.
I.
Terrell alleges that on May 5, 1989, he was hired as a unit clerk at the South Mississippi Correctional Institution after three white inmates had been turned down for the job. On May 11, 1989, Terrell’s supervisor, Dorothy Howell, told him that she was going to hire another inmate, Robert Walzer, as an assistant clerk to Terrell. Terrell trained Walzer from May 11 through May 25. On the 25th, Terrell received a staff request saying that he was not assigned to the job. He discovered that Walzer had been assigned the job as unit clerk.
Terrell alleges that Walzer does not have the qualifications for the job, e.g., typing skills, whereas Terrell does. He further alleges that he has been discriminated against on the basis of his race. (Walzer is white, and Terrell is black.) He talked with the case manager, Florence Jones, about the problem and she told him that a staff request had not been sent in on him for the job.
Terrell filed a grievance with Donald Cabana, Superintendent of S.M.C.I., and Glen Howell, Deputy Superintendent, on May 26, 1989. The record contains no response to the grievance.
The lower court entered an Order on August 9, 1989, overruling the Motion on the basis that Terrell was not entitled to any relief from the showings made by the Petition. Terrell appeals that ruling.
II.
A pro se complaint is held “to less stringent standards than formal pleadings drafted by lawyers.” Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972). When a prisoner proceeds pro se, we consider that fact “to the end that a prisoner’s meritorious complaint may not be lost because inartfully drafted.” Moore v. Ruth, 556 So.2d 1059, 1061 (Miss.1990). See also McFadden v. State, 542 So.2d 871, 875 (Miss.1989).
An inmate does not have a constitutional right to “any particular job status while incarcerated.” Chapman v. Plageman, 417 F.Supp. 906, 907 (W.D.Va.1976). Assigning jobs to inmates is an administrative task with which a court should not interfere unless there is evidence that discrimination or arbitrariness occurred in the process. Chapman, 417 F.Supp. at 907.
However, inmates are protected against racial discrimination by the Equal *734 Protection Clause of the Fourteenth Amendment. In fact, “[t]he central purpose of the Equal Protection Clause ... is the prevention of official conduct discriminating on the basis of race.” Foster v. Wyrick, 823 F.2d 218, 220 (8th Cir.1987) [quoting Washington v. Davis, 426 U.S. 229, 239, 96 S.Ct. 2040, 2047, 48 L.Ed.2d 597 (1976) ]. Prison officials are prohibited from racial discrimination in all areas of prison administration and that includes discrimination “on the basis of race when making job assignments or administering discipline.” Battle v. Anderson, 376 F.Supp. 402, 421 (E.D.Okla.1974).
In bringing an action based on violation of the Equal Protection Clause, proof is required of a racially discriminatory purpose. Foster, 823 F.2d at 220. Proof usually consists of circumstantial evidence. “Only rarely is there direct evidence ... [and t]he employer will almost always offer a non-discriminatory reason for the personnel action taken. Plaintiff must then establish that the asserted reason is a pretext.” Id. at 222.
In Baker v. McNeil Island Corrections Center, 859 F.2d 124 (9th Cir.1988), a black prisoner claimed he was passed up for a position as library aide because of his race although he was next in line for the position. He alleged that the state librarian was afraid to work with a black man. The inmate’s complaint was dismissed for failure to state a claim. The Court reversed saying that “it is not beyond doubt that no claim could be proved in this situation.” Baker, 859 F.2d at 128.
A white prisoner brought an action for racial discrimination in Bentley v. Beck, 625 F.2d 70 (5th Cir.1980), when he was told he would be appointed to kitchen duty as soon as a position opened for a “white boy.” Allegedly, blacks were preferred for kitchen duty. The Court said that while inmates have no constitutional right to a particular job assignment, they do have “the right to be free from racial discrimination.” Bentley, 625 F.2d at 70-71. The prisoner’s claim was distinguished from that of wanting a particular job assignment since his claim concerned the denial of a job solely on the basis of race which the Court classified as “clearly unconstitutional conduct.” Id. at 70.
III.
Terrell alleges racial discrimination by prison officials in his job application as a unit clerk. The record contains only the allegations of Terrell. No response from prison officials is included. Inmates are protected from racial discrimination in job assignments by the Equal Protection Clause of the Fourteenth Amendment. As in Baker, supra, it is not beyond doubt that Terrell could not prove his allegations. We reverse and remand for a hearing on this Motion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., not participating.