RUSSELL, J., for the Court.
¶ 1. Gerald Mangum appeals the decision of the Hinds County Circuit Court denying his Petition for Writ of Habeas Corpus or for Order to Show Cause and Motion for Evidentiary Hearing as a petition for post conviction relief (PCR). Mangum alleged that he was discriminated against by the Mississippi Parole Board (“Board”) because of his race. Mangum asserts on appeal that the circuit court abused its discretion by denying his petition without an evidentiary hearing. Upon review, we find that the circuit court erred in treating Mangum’s Petition and Order to Show Cause as a PCR petition. Therefore, we reverse and remand.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Mangum was convicted of murder in 1981 and sentenced to life imprisonment with the possibility of parole in the custody of the Mississippi Department of Corrections. According to Mangum, he has been denied parole nine times.
¶ 3. Mangum filed a Petition for Writ of Habeas Corpus or for Order to Show Cause against the Board. In his petition, Mangum asked the circuit court to enter an order directing the Board “to show cause as to reasons why [Mangum] has been continuously and discriminatory [sic] denied [p]arole[.]” Subsequently, Man-gum filed a supplement to his petition arguing that “although [he] may not have a constitutionally recognized liberty interest in parole ..., [he] does have a constitutionally recognized right not to be denied parole based on his race.” To support his *765 claim, Mangum alleged additional facts, which we rephrase for clarity:
White prisoners, with similar or worse records than Mangum, have been granted parole by the Board.
Mangum is being discriminated by the Board on the basis of his race.
The Board granted parole to a white male, Douglas Hodgkin, although Hodgkin was convicted of a more heinous crime (rape and murder of a University of Mississippi graduate student) and although there was a large community opposition to Hodgkin’s release on parole.
Hodgkin was paroled after serving only twenty-two years, where Mangum has served almost twenty-nine years. Mangum has a prison[-]conduct record which exhibits the role of a model prisoner, having had no disciplinary action in over seventeen years.
Mangum did not have the extensive community opposition to parole that Hodgkin had.
Having no disciplinary action in over seventeen years, Mangum has demonstrated his willingness and ability to be a law-abiding citizen.
Unlike Hodgkin, Mangum had numerous favorable recommendations for parole from high-ranking prison personnel.
No summons was ever issued, and neither petition filed by Mangum contained a certificate of service to show that the State of Mississippi or the individual Board members were ever served with process.
¶4. On July 1, 2009, Mangum filed a motion for evidentiary hearing also without a certificate of service. The very next day, on July 2, 2009, the circuit court denied Mangum’s request for relief. The order reads, in pertinent part, as follows:
THIS COURT, having considered Petitioner, Gerald Mangum’s [p]ro [s]e, Petition for Writ of Habeas Corpus, is of the opinion that the motion should be and hereby is denied. The instant motion is in the nature of a motion for post-conviction relief and shall be treated as such.[1] The Court finds that it plainly appears from the face of the motion, exhibits and prior proceedings in the case, that Petitioner’s [m]otion is without merit and that Petitioner is not entitled to any relief on his claim(s). Miss.Code Ann. § 99-39-11(2) (2000).
IT IS, THEREFORE, HEREBY ORDERED AND ADJUDGED that Petitioner, Gerald Mangum’s, Motion for Post-Conviction Collateral Relief should be and hereby is DENIED.
¶ 5. Mangum appeals the circuit court’s order denying his petitions. We consider three issues on appeal: (1) whether the circuit court erred in treating Mangum’s petition as one for post-conviction relief; (2) whether the circuit court had jurisdiction over Mangum’s racial-discrimination claim; and (3) whether Mangum stated a claim upon which relief may be granted.
DISCUSSION
¶ 6. Whether the circuit court has jurisdiction is a question of law and is reviewed de novo. Siggers v. Epps, 962 So.2d 78, 80 (¶ 4) (Miss.Ct.App.2007) (citing Edwards v. Booker, 796 So.2d 991, 994 (¶ 9) (Miss.2001)). Likewise, “this Court reviews the trial court’s dismissal of a lawsuit based on a question of law under a de novo standard of review.” Rochell v. State, 36 So.3d 479, 481 (¶ 7) (Miss.Ct.App. *766 2010) (citing Horton v. Epps, 20 So.3d 24, 27 (¶ 5) (Miss.Ct.App.2009)).
I. Whether the Circuit Court Erred in Treating Mangum’s Petition As One for Post-Conviction Relief
¶ 7. Although not raised by either party, we must address whether the circuit court properly treated Mangum’s petition as one for post-conviction relief. Our PCR statute provides limited grounds upon which a person may seek relief from, among other things, convictions and sentences:
Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, ... may file a motion to vacate, set aside or correct the judgment or sentence, a motion to request forensic DNA testing of biological evidence, or a motion for an out-of-time appeal if the person claims:
(a) That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;
(b) That the trial court was without jurisdiction to impose sentence;
(c) That the statute under which the conviction and/or sentence was obtained is unconstitutional;
(d) That the sentence exceeds the maximum authorized by law;
(e) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
(f) That there exists biological evidence secured in relation to the investigation or prosecution attendant to the petitioner’s conviction not tested, or, if previously tested, that can be subjected to additional DNA testing, that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.
(g) That his plea was made involuntarily;
(h) That his sentence has expired; his probation, parole[,] or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;
(i) That he is entitled to an out-of-time appeal; or
(j) That the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy.
Miss.Code Ann. § 99 — 39—5(1)(a)—(j) (Supp. 2011). In the instant case, Mangum did not dispute his conviction, sentence, plea, or any of the other grounds under the PCR statute. Rather, Mangum asserted a racial-discrimination claim. Therefore, the circuit court erred in treating Mangum’s petition as one for post-conviction relief.
¶ 8. Under Mississippi Code Annotated section 99-39-9(4) (Supp.2011), “[i]f the motion received by the clerk does not substantially comply with the requirements of this section, it shall be returned to the petitioner if a judge of the court so directs, together with a statement of the reason for its return.” Mangum’s petition was not one seeking relief under the PCR statute, but an attempt to file a lawsuit against the Board and four of its members alleging constitutional violations based on his race. The circuit court could have returned Man-gum’s petition to him with an explanation *767 of its reason for doing so pursuant to Mississippi Code Annotated section 99-39-9(4).
¶ 9. Further, Mangum never served process on any of the named defendants as required under Rule 4 of the Mississippi Rules of Civil Procedure. Indeed, no summons was ever issued. Rule 4(h) provides that if the defendants are not served with the summons and complaint “within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.” M.R.C.P. 4(h).
II. Whether Mangum Stated a Claim Upon Which Relief May Be Granted
¶ 10. Mangum argues he asserted “non-conclusory claims which were fact-based.” On the other hand, the Board argues Man-gum failed to state a claim for relief based on racial-discrimination because “his [supplemental pleading made the conclusory allegation that the Parole Board had denied him parole based on the fact that he is African American.”
¶ 11. To prevail on a racial-discrimination claim, Mangum must offer proof, “either in his petition or in the record[,] that establishes that he suffered [an] equal[-]protection violation by the application of the statute based on a suspect classification.” Hopson v. Miss. State Parole Bd., 976 So.2d 973, 976-77 (¶ 12) (Miss.Ct.App.2008). Further, proof of a racially discriminatory purpose is required in equal-protection-violation cases. Terrell v. State, 573 So.2d 732, 734 (Miss.1990) (citing Foster, 823 F.2d at 220). However, proof rarely consists of direct evidence. Terrell, 573 So.2d at 734 (citing Foster, 823 F.2d at 222). Instead, the evidence is usually circumstantial. Id.
¶ 12. Rule 8(a)(1) of the Mississippi Rules of Civil Procedure only requires “the plaintiff provide a short and plain statement of the claim showing that he is entitled to relief.” Singleton v. Ste-gall, 580 So.2d 1242, 1245 (Miss.1991) (citing M.R.C.P. 8(a)(1)). Under Rule 8(a), “a plaintiff must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.” Scott v. City of Goodman, 997 So.2d 270, 276 (¶ 14) (Miss.Ct.App.2008) (quoting Penn Nat’l Gaming, Inc. v. Ratliff, 954 So.2d 427, 432 (¶ 11) (Miss.2007)). “However, the pleadings need only ‘provide sufficient notice to the defendant of the claims and grounds upon which relief which is sought.’ ” Id. (quoting Estate of Stevens v. Wetzel, 762 So.2d 293, 295 (¶ 11) (Miss. 2000)). “When a complaint is tested on its face, we must take its well-pleaded allegations as true.” Singleton, 580 So.2d at 1246 (citing Overstreet v. Merlos, 570 So.2d 1196,1197 (Miss.1990)).
¶ 13. Additionally, a pro se litigant is held “to less stringent standards than formal pleadings drafted by lawyers.” Terrell, 573 So.2d at 733 (quoting Haines v. Kemer, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Further, a pro se “prisoner’s meritorious complaint may not be lost because [it is] inartfully drafted.” Id. (quoting Moore v. Ruth, 556 So.2d 1059, 1061 (Miss.1990)). With these thoughts in mind, we note that had Man-gum properly served the appropriate parties, the circuit court would have been obligated to review Mangum’s petition and “ask whether it suggested a set of facts which might support relief.” Singleton, 580 So.2d at 1246. The circuit court had no authority to deny Mangum’s petition on *768 the basis that it failed to state a claim “unless it may fairly and objectively be said that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief.” Id. (citing Over-street, 570 So.2d at 1197).
¶ 14. Mangum raised the issue of discrimination in his first petition when he asked the circuit court to enter an order directing the Board “to show cause as to reasons why [Mangum] has been continuously and discriminatory [sic] denied [p]a-role[.]” Of course, in his supplemental petition, Mangum went into much more detail on his racial-discrimination claim, citing a specific example of another similarly situated white inmate who was granted parole. Specifically, Mangum stated: (1) the white inmate was convicted of a more serious crime, that being the rape and murder of a University of Mississippi graduate student, while Mangum was convicted of murder; (2) the white inmate had extensive community opposition to his release on parole, whereas Mangum did not have such extensive community opposition; (3) the white inmate had served only twenty-two years, whereas Mangum had served twenty-nine years; and (4) unlike the white inmate, Mangum had numerous favorable recommendations from high-ranking prison officials.
¶ 15. Upon review of Mangum’s petition, we cannot say that he could not prove any set of facts in support of his racial-discrimination claim. As such, we find Mangum stated a claim upon which relief may be granted.
III. Whether the Circuit Court had Jurisdiction over Mangum’s Racial-Discrimination Claim
¶ 16. We recognize that “[prisoners have no constitutionally recognized liberty interest in parole.” Hopson, 976 So.2d at 975 (¶ 6) (citing Mack v. State, 943 So.2d 73, 75 (¶ 6) (Miss.Ct.App.2006)). In Mississippi, the “Board is given ‘absolute discretion’ to determine who is entitled to parole” by statute, d. (citing Cotton v. Miss. Parole Bd., 863 So.2d 917, 921 (¶ 11) (Miss.2003)). Specifically, Mississippi Code Annotated section 47-7-5(3) (Rev. 2011) provides “the [parole] board shall have exclusive responsibility for the granting of parole as provided by Sections 47-7-3 and 47-7-17 and shall have the exclusive responsibility for revocation of the same.” Further, “there is no statutory right of appeal from the denial of parole.” Roc-hell, 36 So.3d at 482 (¶ 9) (citing Mack, 943 So.2d at 76 (¶ 8)). However, where constitutional issues are raised, a trial court asserts jurisdiction over those claims, d. In fact, the Mississippi Supreme Court has stated:
State courts are not free to refuse or ignore jurisdiction over rights of action which arise under the constitution and laws of the United States. If the ordinary jurisdiction of the state court as prescribed by local law is adequate to the case, the court must accept jurisdiction of such federally created rights[.]
Lewis v. Delta Loans, Inc., 300 So.2d 142, 144-45 (Miss.1974) (citing Testa v. Katt, 330 U.S. 386, 394, 67 S.Ct. 810, 91 L.Ed. 967 (1947)) (emphasis added); see also Cotton, 863 So.2d at 921 (¶ 11) (recognizing that “Mississippi courts have a duty to hear and adjudge cases concerning constitutional issues despite a statutory mandate”). Indeed, we enforce such rights even when convinced that their federal source has erred greatly. See Sanders v. State, 429 So.2d 245, 248, 251 (Miss.1983); Bolton v. City of Greenville, 253 Miss. 656, 666, 178 So.2d 667, 672 (1965).
¶ 17. Further, because Man-gum “has no liberty interest in obtaining parole in Mississippi, he cannot complain of the denial of parole based on [an] allega *769 tion of a denial of due process, abuse of discretion, or consideration of false or improper factors.” Cotton v. Booker, 166 F.3d 841, 1998 WL 912201 *1 (5th Cir. 1998). But, Mangum’s allegations that he was denied parole based on race is a different issue. Id. “Such an allegation, if prove[n], would constitute denial of a cognizable federal right[.]” Irving v. Thigpen, 782 F.2d 1215, 1218 (5th Cir.1984). To make out an [e]qual[-]protection claim, Mangum “must prove the existence of purposeful discrimination, which implies that the decisionmaker [sic] selected a particular course of action at least in part because of the adverse impact it would have on an identifiable group.” Cotton, 1998 WL 912201 at *1 (citing Johnson v. Rodriguez, 110 F.3d 299, 308-09 (5th Cir.1997)). Additionally, Mangum “must allege that he was denied parole based upon discriminatory treatment due to his race or other improper motive, and not just due to an inconsistent application or result.” Id. “To the extent that [Mangum’s] claim is based on a mere claim of inconsistent outcomes in particular, individual instances, his equal[-]protection claim fails.” Id. But “to the extent that his claim is based on an allegation of improper motive, race, he has asserted a [cognizable] constitutional claim.” Id. Thus, although the circuit court had no jurisdiction to review whether the Board properly denied parole, the court did have jurisdiction to determine Mangum’s racial-discrimination claim if service of process had been accomplished.
¶ 18. We note that it is not the intention of this Court to burden the trial courts by requiring them to spend valuable time and resources on meritless allegations of constitutional violations filed by inmates. However, where a trial court treats a claim raising a constitutional issue as a PCR claim without considering any of the allegations in the petition and denies the claim, inmates are left without a forum for adjudicating those constitutional claims. Inmates must be able to seek the protection of constitutionally protected rights from the courts, and the courts must accept jurisdiction to enforce federally created rights if the ordinary jurisdiction of the state court is adequate to the case. Lewis, 300 So.2d at 144-45.[2]
¶ 19. In a 2006 decision, an inmate alleged that the board discriminated against him based on his race in denying him parole. Mack, 943 So.2d at 77 (¶ 12). This Court noted that the inmate provided “no specific examples to show that his treatment [was] not equal to the parole treatment received by other inmates.” Id. Further, the inmate failed to “point out even one incident of a similarly situated inmate receiving the parole that ha[d] been denied to [Jerry Lee] Mack.” Id. This Court acknowledged that “[w]hile there are certainly factual scenarios in which we might find that the Parole Board improperly considered race in making its determination, there is no evidence that any such impropriety occurred in the present case.” Id. at (¶ 13). Therefore, we held: “In the absence of any evidence showing that the Parole Board improperly took into account [the inmate’s] race or his victim’s status, we find that no error occurred.” Id.
¶ 20. In a similar case, an inmate appealed the denial of his parole alleging a violation of his equal-protection rights. *770 Hopson, 976 So.2d at 977 (¶ 11). This Court held: “While race is a suspect class entitled to strict scrutiny, [the inmate] [had] failed to show evidence either in his petition or in the record that established] that he suffered any equal[-]protection violation by the application of the [parole] statute based on a suspect classification.” Id. at 976-77 (¶ 12).
¶ 21. Mangum cites Terrell, 578 So.2d at 784 to support his contention that he was entitled to a hearing on his racial-discrimination claim. In that case, a black inmate was hired as a clerk in the correctional institution, and he trained a white inmate to be his assistant clerk. Id. at 733. Approximately two weeks into the training, the black inmate was notified that the white inmate had been assigned to his job. Id. As a result, the black inmate alleged that the prison officials racially discriminated against him because the white inmate did not have the qualifications that the black inmate had for the clerk position. Id. The record only contained the inmate’s allegations, as the prison officials never filed a response. Id. at 733, 734. Our supreme court noted that while inmates do not have a constitutional right to a job while incarcerated, “inmates are protected against racial[-]discrimination by the Equal Protection Clause of the Fourteenth Amendment.” Id. at 733-34. Further, the core purpose of the Equal Protection Clause “is the prevention of official conduct discriminating on the basis of race.” Id. at 734 (quoting Foster v. Wyrick, 823 F.2d 218, 220 (8th Cir.1987)). Therefore, “[p]rison officials are prohibited from racial[-]discrimination in all areas of prison administration.” Id. (citing Battle v. Anderson, 376 F.Supp. 402, 421 (E.D.Okla.1974) (overruled on other grounds)). The supreme court held that because the inmate alleged a racial-discrimination claim, and because the record only contained the inmate’s allegations and no response from prison officials, it was not beyond doubt that the inmate could not prove his allegations. Id. Therefore, our supreme court reversed the judgment and remanded the case for a hearing on the inmate’s motion. Id.
¶ 22. In the instant case, Mangum raised the issue of discrimination in his first petition. Mangum provided much more detail on his racial-discrimination claim in his supplemental petition, citing a specific example of another similarly situated white inmate who was granted parole. The record only contains Mangum’s allegations of racial-discrimination, but unlike the inmates in Mack and Hopson, Man-gum provided specific examples of unequal treatment. Looking at Mangum’s petition, we find, as in Terrell, that it is not beyond doubt that Mangum could not prove his allegations of racial-discrimination.
CONCLUSION
¶ 23. The circuit court erred in treating Mangum’s petition, which properly stated a claim for racial-discrimination, as a PCR petition. Further, the circuit court clearly would have jurisdiction to hear Mangum’s racial-discrimination claim provided he had properly served the defendants.
¶ 24. Therefore, for the above reasons, we reverse the judgment of the circuit court and remand this case for further proceedings consistent with this opinion. On remand, the circuit court shall either return the petition to Mangum, with a statement of the reason for its return, or dismiss the petition without prejudice so that Mangum, at his option, can refile his petition and serve each of the defendants with process.
¶ 25. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS RE *771 VERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. As discussed more fully herein, we note that the circuit court erred in treating Mangum’s petition as a motion for post-conviction relief because the relief requested by Mangum did not fall under Mississippi Code Annotated section 99-39-5 (Supp.2011), which includes, among other things, disputes over criminal convictions and sentences.

. The Mississippi Supreme Court has recognized that our state courts exercise concurrent jurisdiction with federal courts in the enforcement of federally created rights. Koehring Co. v. Hyde Constr. Co., 254 Miss. 214, 229-30, 178 So.2d 838, 842-43 (1965). The only exceptions to this rule are those cases in which the federal statutes expressly provide for exclusive jurisdiction in the federal courts. The circuit court had jurisdiction to decide the present case.