# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00921-COA

**MICHAEL DUCKSWORTH**                                                                     **APPELLANT**

v.

**STATE OF MISSISSIPPI**                                                                        **APPELLEE**


DATE OF JUDGMENT:              03/26/2013
TRIAL JUDGE:                   HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:     FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        MICHAEL DUCKSWORTH (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: BILLY L. GORE
NATURE OF THE CASE:            CIVIL - OTHER
TRIAL COURT DISPOSITION:       PETITION DISMISSED
DISPOSITION:                   AFFIRMED: 08/18/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

     **EN BANC.**

     **FAIR, J., FOR THE COURT:**

¶1.     In 1989, Michael Ducksworth and Ozia Booth pled guilty to two counts of murder and one count of burglary. Twenty years later, Booth was paroled, but Ducksworth was not. This prompted Ducksworth to file a "Petition for Order to Show Cause or In the Alternative, Petition for Writ of Habeas Corpus" in the Forrest County Circuit Court, contending that the Parole Board acted arbitrarily and unconstitutionally when it denied him parole. The circuit court treated Ducksworth's petition as one for post-conviction relief and dismissed it based on an erroneous belief that it was not filed in the original trial court, as required by the PCR

statute.[1] We conclude that while Ducksworth's petition should have been considered as an ordinary civil action, as it was styled, its dismissal should be affirmed anyway because Ducksworth failed to state a claim upon which relief can be granted.

**STANDARD OF REVIEW**

¶2. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Supp. 2014). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶3. When reviewing the denial of a PCR motion, an appellate court "will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Callins v. State*, 975 So. 2d 219, 222 (¶8) (Miss. 2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Young*, 731 So. 2d at 1122 (¶9).

**DISCUSSION**

¶4. Ducksworth styled his filing a "Petition for Order to Show Cause or In the Alternative, Petition for Writ of Habeas Corpus," and in it he argued that the Mississippi Parole Board

---

[1] *See* Miss. Code Ann. § 99-39-7 (Supp. 2014). Ducksworth's convictions were, in fact, from Forrest County, so if his petition had properly been taken as a PCR motion, it would have been properly filed there. We do not address the issue of whether venue lies in the Forrest County Circuit Court for Ducksworth's petition as it was actually styled, as there are other grounds to affirm the dismissal.

2

had arbitrarily and unconstitutionally denied him parole. Ducksworth based this argument on the fact that Booth, his codefendant, had been paroled, while he had not.

¶5. The trial court treated Ducksworth's petition as a PCR motion, but that was in error pursuant to this Court's decisions in *Mangum v. Mississippi Parole Board,* 76 So. 3d 762, 766 (¶7) (Miss. Ct. App. 2011), *Mack v. State*, 943 So. 2d 73, 75-76 (¶7) (Miss. Ct. App. 2006), and *McClurg v. State*, 870 So. 2d 681, 682 (¶6) (Miss. Ct. App. 2004).

¶6. Although the trial court misapprehended the nature of Ducksworth's petition, this Court will generally affirm the trial court when it reaches the right result for the wrong reason. *See Mack*, 943 So. 2d at 76 (¶7)*; McClurg*, 870 So. 2d at 682 (¶6).

¶7. Ducksworth's petition clearly failed to a state a claim upon which relief can be granted. *See* M.R.C.P. 12(b)(6). He claimed that he was "entitled to the same release opportunity that was previously . . . provided to co-defendant Booth." Ducksworth attempts to couch this as a challenge based on his rights to due process and equal protection, guaranteed by the United States Constitution, but neither right is implicated by his allegations.

¶8. The due process claim fails because "prisoners have no constitutionally recognized liberty interest in parole." *Vice v. State*, 679 So. 2d 205, 208 (Miss. 1996). Instead, the decision to grant or deny parole is entrusted to the absolute discretion of the Parole Board. *Cotton v. Miss. Parole Bd.*, 863 So. 2d 917, 921 (¶11) (Miss. 2003); *Irving v. Thigpen*, 732 F.2d 1215, 1217-1218 (5th Cir. 1984). Parole is not a judicial matter, but one of legislative

3

grace. *Mitchell v. State*, 795 So. 2d 620, 623 (¶8) (Miss. Ct. App. 2001). Because a prisoner "has no liberty interest in obtaining parole in Mississippi, he cannot complain of the denial of parole based on an allegation of a denial of due process, abuse of discretion, or consideration of false or improper factors." *Mangum*, 76 So. 3d at 768-69 (¶17) (citation and quotation marks omitted); *see also Irving*, 732 F.2d at 1217-1218.

¶9. Had Ducksworth alleged that parole was denied based on his race or other factors recognized as prohibited from consideration by the United States Constitution, he may have stated a cognizable equal protection claim. *See Mangum*, 76 So. 3d at 770 (¶22). But he did not; he simply makes the same claims as in his due process argument – that the Parole Board acted arbitrarily in denying him parole after granting it to his codefendant.

¶10. We conclude that although the circuit court erroneously treated Ducksworth's petition as a motion for post-conviction relief, it was nonetheless properly dismissed for failure to state a claim upon which relief can be granted.

¶11. **THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL AND WILSON, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART AND IN THE RESULT WITH SEPARATE WRITTEN OPINION.**

**JAMES, J., CONCURRING IN PART AND IN RESULT:**

¶12. Finding no reversible error, I would affirm the trial court's dismissal of Ducksworth's PCR motion, but for different reasons than the majority.

4

¶13. Ducksworth pled guilty to two counts of murder and one count of burglary, along with his codefendant, Booth. On March 10, 1989, Ducksworth and Booth entered pleas of guilty to two counts of murder and one count of burglary. Ducksworth filed a PCR motion in May 2011 because Booth was released on parole in 2009 while Ducksworth was not. *See Ducksworth v. State*, 103 So. 3d 762 (Miss. Ct. App. 2012). In the PCR motion, Ducksworth argued that he received an illegal sentence and challenged how the Mississippi Department of Corrections calculated his parole-eligibility date. On December 4, 2012, this Court held that by the time Ducksworth filed his PCR motion, his case was moot because the Mississippi Parole Board acknowledged Ducksworth's parole eligibility and gave him a hearing, during which his petition was denied. *Id.* at 765 (¶16).

¶14. On January 17, 2013, Ducksworth filed a document entitled "Petition for Order to Show Cause or[,] In the Alternative, Petition for Writ of Habeas Corpus" in the Forrest County Circuit Court. Ducksworth argued that he was denied his constitutional rights to equal protection and due process. The trial court issued an order on March 26, 2013, treating the petition as a PCR motion and dismissing the motion. The trial court held that it did not have jurisdiction over Ducksworth because he failed to file the PCR motion in accordance with Mississippi Code Annotated section 99-39-7 (Rev. 2007) and also that the case should be dismissed pursuant to the Uniform Rule of Circuit and County Court 2.07(A)(6)(c).

## I. Jurisdiction

¶15. According to the Mississippi Uniform Post-Conviction Collateral Relief Act

5

(UPCCRA):

> Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court. The procedure governing applications to the Supreme Court for leave to file a motion under this article shall be as provided in Section 99-39-27.

Miss. Code Ann. § 99-39-7 (Supp. 2014). Ducksworth filed a previous PCR motion that was ruled upon by this Court on December 4, 2012. *See Ducksworth*, 103 So. 3d at 762 (¶1). We have previously held that the failure to comply with section 99-39-7 requires a dismissal for lack of jurisdiction. *Bownes v. State*, 963 So. 2d 1277, 1279 (¶4) (Miss. Ct. App. 2007). We have also previously held that "the supreme court has initial jurisdiction over a post-conviction proceeding where that court is the one that last exercised jurisdiction in the case." *Dallas v. State*, 994 So. 2d 862, 864 (¶5) (Miss. Ct. App. 2008) (citing *Perry v. State*, 759 So. 2d 1269, 1270 (¶6) (Miss. Ct. App. 2000)). However, I would overrule that specific ruling in *Dallas*. I would hold that a party is not required to seek permission from the supreme court unless the conviction and sentence have been affirmed on appeal or the appeal has been dismissed. *See also Jones v. State*, 119 So. 3d 323, 325 (¶5) (Miss. 2013). As a result, the trial court was not correct in finding it did not have jurisdiction over this case. The fact that this Court ruled on Ducksworth's first PCR motion did not deprive the trial court of its jurisdiction to hear a second or subsequent PCR motion without the party first seeking permission from the Mississippi Supreme Court.

¶16. The majority cites *Mangum v. Mississippi Parole Board*, 76 So. 3d 762 (Miss. 2011), in support of its opinion. However, in *Mangum* the defendant sued the parole board, and the State of Mississippi was not a party. Claims against the parole board, which are treated as civil actions, are filed in the county where the defendant resides, or in this case, where the defendant is incarcerated, under Mississippi Code Annotated section 11-11-3(1)(a)(i) (Rev. 2004). But "a PCR motion is properly filed in the county where the prisoner was convicted, not where the prisoner is incarcerated." *Nelson v. Bingham*, 116 So. 3d 172, 174 (¶6) (Miss. Ct. App. 2013). Therefore, a petition for a writ of habeas corpus filed against the parole board in the county where the defendant is incarcerated, but was not convicted, cannot be treated as a PCR motion.

¶17. Ducksworth filed the request for a writ in Forrest County, where he was convicted. This is not an ordinary civil action like the action in *Mangum*. The trial court properly treated Ducksworth's petition as a PCR motion since it was filed in the county where he was convicted and where the State of Mississippi was a party to the action.

¶18. The majority opinion states that the denial of parole is not covered by Mississippi Code Annotated section 99-39-5 (Supp. 2014). However, Ducksworth requested a writ of habeas corpus in the alternative, and section 99-39-5(1)(h) permits a person currently incarcerated to file a motion alleging that "he is otherwise unlawfully held in custody." Mississippi Rule of Civil Procedure 8(e)(2) permits a party to plead in the alternative,

7

regardless of consistency.[2]

¶19.   The Mississippi Supreme Court has held that a posttrial motion seeking habeas corpus relief is to be evaluated under the UPCCRA.  *Jenkins v. State*, 159 So. 3d 608, 609 (¶5) (Miss. Ct. App. 2015).  Even though Ducksworth's petition sought habeas corpus relief, "[a] pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers." *Terrell v. State*, 573 So. 2d 732, 733 (Miss. 1990) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Accordingly, the trial court properly treated Ducksworth's alternative claim for relief as a PCR motion, and it stated, "Ducksworth's challenge to the prison sentence in this writ is simply in the nature of a Motion for Post-Conviction Relief."  Ducksworth's claims against the parole board should have been filed in the county where Ducksworth was incarcerated, which would constitute a regular civil action, not a PCR motion.  *See* Miss. Code Ann. § 11-11-3(1)(a)(i).  Accrdingly, the trial court correctly addressed Ducksworth's alternative claim for PCR, which was properly before the trail court.

¶20.   Ducksworth also alleged a due-process violation and an equal-protection violation,

---

[2] Rule 8(e)(2) provides:

A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses.  When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.  A party may also state as many separate claims or defenses as he has, regardless of consistency.  All statements shall be made subject to the obligations set forth in Rule 11.

but he did not present any substantial argument in support of his claims. The trial court did not address the due-process and equal-protection issues, and "[w]e will not disturb a circuit court's [dismissal] of a PCR motion unless the decision is found to be clearly erroneous." *Brown v. State*, 90 So. 3d 645, 647 (¶6) (Miss. Ct. App. 2012).

## II.    Procedural Bars

¶21.    Ducksworth's PCR motion fails on other grounds. When a guilty plea is entered, a PCR motion must be filed within three years after the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5. However, "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *White v. State*, 59 So. 3d 633, 635 (¶8) (Miss.Ct. App. 2011) (citing *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010)).

¶22.    "[A]ny order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6) (Supp. 2014). As previously mentioned, Ducksworth has already filed a PCR motion that was dismissed by the trial court, and this Court affirmed. Ducksworth filed the second PCR motion a little over a month after we rendered our decision on his previous PCR motion. Although Ducksworth did not argue the same issues specifically, he could have asserted these arguments in his previous PCR motion. Further, Ducksworth entered his guilty plea in 1989.

¶23.    We have previously stated that "[t]his court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim procedurally alive substantially

showing the denial of a state or federal right." *Hughes v. State*, 106 So. 3d 836, 839 (¶4) (Miss. Ct. App. 2012).

¶24. Here, Ducksworth failed to provide sufficient evidence that his claims for due process and equal protection fell under an exception to the procedural bars in the UPCCRA. Therefore, his claims are time-barred and successive-writ barred. Accordingly, I would affirm the trial court's judgment summarily dismissing Ducksworth's PCR motion, but for different reasons than the majority.