JAMES, J.,
concurring in part and in result:
¶ 12. Finding no reversible error, I would affirm the trial, court’s dismissal of Ducksworth’s PCR motion, but for different reasons than the majority.
. ¶ 13. Ducksworth pled guilty to two counts of murder and one count of burglary, along with his codefendant, Booth. On March 10, 1989, Ducksworth and- Booth entered pleas of guilty to two counts of murder and one count of burglary. Ducksworth filed a PCR motion in May 2011 because Booth was released on parole in 2009 while Ducksworth was not. See Ducksworth v. State, 103 So.3d 762 (Miss.Ct.App.2012). In the PCR motion, Ducks-worth argued that he received an illegal sentence and challenged how the Mississippi Department of Corrections calculated his parole-eligibility date. On December 4, 2012, this Court held that by the time Ducksworth filed his PCR motion, his case was moot because the Mississippi Parole Board acknowledged Ducksworth’s parole eligibility and gave him a hearing, during which his petition was denied. Id. at 765 (¶16).
¶ 14. • On January 17, 2013, Ducksworth filed a document entitled “Petition for Order to Show Cause or[,] In the Alternative, Petition’for Writ of Habeas Corpus” in the Forrest County Circuit Court. Ducks-worth argued that he was denied his constitutional rights to equal protection and due process. The trial court issued an order on March 26, 2013, treating the petition as a PCR motion and dismissing the motion. The trial court held that it did not ’ have jurisdiction over Ducksworth because *326 he failed to file the PCR motion in accordance with Mississippi Code Annotated section 99-39-7 (Rev.2007) and also that the case should be dismissed pursuant to the Uniform Rule of Circuit and County Court 2.07(A)(6)(c).
I. Jurisdiction
¶ 15. According to the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA):
Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court. The procedure governing applications to the Supreme Court for leave to file a motion under this article shall be as provided in Section 99-39-27.
Miss.Code Ann. § 99-39-7 (Supp.2014). Ducksworth filed a previous PCR motion that was ruled upon by this Court on December 4, 2012. See Ducksworth, 103 So.3d at 762 (¶ 1). We have previously held that the failure to comply with section 99-39-7 requires a dismissal for lack of jurisdiction. Bournes v. State, 963 So.2d 1277, 1279 (¶ 4) (Miss.Ct.App.2007). We have also previously held that “the • supreme court has initial jurisdiction over a post-conviction proceeding where that court is the one that last exercised jurisdiction in the case.” Dallas v. State, 994 So.2d 862, 864 (¶ 5) (Miss.Ct.App.2008) (citing Perry v. State, 759 So.2d 1269, 1270 (¶ 6) (Miss.Ct.App.2000)). However, I would overrule that specific ruling in Dallas. I would hold that a party is not required to seek permission from the supreme court unless the conviction and sentence have been affirmed on appeal or the appeal has been dismissed. See also Jones v. State, 119 So.3d 323, 325 (¶ 5) (Miss.2013). As a result, the trial court was not correct in finding it did not have jurisdiction over this case. The fact that this Court ruled on Ducksworth’s first PCR motion did not deprive the trial court of its jurisdiction to hear a second or subsequent PCR motion without the party first seeking permission from the Mississippi Supreme Court.
¶ 16. The majority cites Mangum v. Mississippi Parole Board, 76 So.3d 762 (Miss.Ct.App.2011), in support of its opinion. However, in Mangum the defendant sued the parole board, and the State of Mississippi was not a party. Claims against the parole board, which are treated as civil actions, are filed in the county where the defendant resides, or in this case, where the defendant is incarcerated, under Mississippi Code Annotated section 11 — 11—3(1)(a)(i) (Rev.2004). But “a PCR motion is properly filed in the county where the prisoner was convicted, not where the prisoner is incarcerated.” Nelson v. Bingham, 116 So.3d 172, 174 (¶ 6) (Miss.Ct.App.2013). Therefore, a petition for a writ of habeas corpus filed against the parole board in the county where the defendant is incarcerated, but was not convicted, cannot be treated as a PCR motion.
¶ 17. Ducksworth filed the request for a writ in Forrest County, where he was convicted. This is not an ordinary civil action like the action in Mangum. The trial court properly treated Dueksworth’s petition as a PCR motion since it was filed in the county where he was convicted and where the State of Mississippi was a party to the action.
¶ 18. The majority opinion states that the denial of parole is not covered by Mississippi Code Annotated section 99-39- *327 5 (Supp.2014). However, Ducksworth requested a writ of habeas corpus in the alternative, and section 99-39-5(l)(h) permits a person currently incarcerated to file a motion alleging that “he is otherwise unlawfully held in custody.” Mississippi Rule of Civil Procedure 8(e)(2) permits a party to plead in the alternative, regardless of consistency.[2]
¶ 19. The Mississippi Supreme Court has held that a posttrial motion seeking habeas corpus relief is to be evaluated under the UPCCRA. Jenkins v. State, 159 So.3d 608, 609 (¶ 5) (Miss.Ct.App.2015). Even though Ducksworth’s petition sought habeas corpus relief, “[a] pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.” Terrell v. State, 573 So.2d 732, 733 (Miss.1990) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Accordingly, the trial court properly treated Ducksworth’s alternative claim for relief as a PCR motion, and it stated, “Ducksworth’s challenge to the prison sentence in this writ is simply in the nature of a Motion for Post-Conviction Relief.” Ducksworth’s claims against the parole board should have been filed in the county where Ducksworth was incarcerated, which would constitute a regular civil action, not a PCR motion. See Miss.Code Ann. § 11 — 11—3(l)(a)(i). Accordingly, the trial court correctly addressed Ducks-worth’s alternative claim for PCR, which was properly before the trail court.
¶20. Ducksworth also alleged a due-process violation and an equal-protection violation, but he did not present any substantial argument in support of his claims. The trial court did not address the due-process and equal-protection issues, and “[w]e will not disturb a circuit court’s [dismissal] of a PCR motion unless the decision is found to be clearly erroneous.” Brown v. State, 90 So.3d 645, 647 (¶ 6) (Miss.Ct.App.2012).
II. Procedural Bars
¶ 21. Ducksworth’s PCR motion fails on other grounds. When a guilty plea is entered, a PCR motion must be filed within three years after the entry of the judgment of conviction. Miss.Code Ann. § 99-39-5. However, “[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the UP-CCRA.” White v. State, 59 So.3d 633, 635 (¶ 8) (Miss.Ct.App.2011) (citing Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010)).
¶ 22. “[A]ny order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” Miss.Code Ann. § 99-39-23(6) (Supp.2014). As previously mentioned, Ducksworth has already filed a PCR motion that was dismissed by the trial court, and this Court affirmed. Ducksworth filed the second PCR motion a little over a month after we rendered our decision on his previous PCR motion. Although Ducksworth did not argue the same issues specifically, he could have asserted these- arguments in his previous PCR motion. Further, Ducksworth entered his guilty plea in 1989.
*328 ¶23. We have previously stated that “[t]his court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim proeedurally alive substantially showing the denial of a state or federal right.” Hughes v. State, 106 So.3d 836, 839 (¶ 4) (Miss.Ct.App.2012).
¶24. Here, Ducksworth failed to provide sufficient evidence that his claims for due process and equal protection fell under an exception to the procedural bars in the UPCCRA. Therefore, his claims are time-barred and successive-writ barred. Accordingly, I would affirm the trial court’s judgment summarily dismissing Ducks-worth’s PCR motion, but for different reasons than the majority.

. Rule 8(e)(2) provides:
A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has, regardless of consistency. All statements shall be made subject to the obligations set forth in Rule 11.